IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

No.1:10-CR-153

United States of America

v.

Savana Marie Miller
                Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

  Pending is a "First Amended Petition for Warrant or Summons for Offender Under Supervision" filed March 3, 2011, alleging that the Defendant, Savana Marie Miller, violated her conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. The Original Conviction and Sentence

The Defendant was sentenced on September 6, 2007, before the Honorable Janis Graham Jack, United States District Judge of the Southern District of Texas, after pleading guilty to the offense conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana, a class A felony. The offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of II, was 120 to 121 months. The Defendant was sentenced to 40 months' imprisonment, which was followed by a four-year term of supervised release, subject to the standard conditions of release, plus special conditions to include: substance abuse testing and treatment; mental health treatment; curfew from 12 midnight to 6 am; and a $100 special assessment.

## II. The Period of Supervision

On June 19, 2009, Miller completed her period of imprisonment and began service of her supervision term. On January 19, 2011, Miller's case was transferred to the Eastern District of Texas and assigned to the Honorable Ron Clark, U.S. District Judge.

## III. The Petition

United States Probation filed the pending First Amended Petition for Warrant or Summons for Offender Under Supervision on March 3, 2011. The petition alleges that the Defendant violated the following conditions of release:

| | | |
|---|---|---|
| 1. | Mandatory Condition: | The Defendant shall not commit another federal, state, or local crime. |
| 2. | Standard Condition: | The Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. |

3. Standard Condition: The Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

4. Standard Condition: The Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

5. Mandatory Condition: The Defendant shall answer all inquiries by the probation officer and follow the instructions of the probation officer.

The petition alleges that on November 30, 2010, a search warrant by the Beaumont Police Department of Miller's residence, located at 190 E. Simmons, recovered a Mossberg 500 A 12GA shotgun under a claw foot bathtub in the bathroom of the residence. The shotgun and some clothing recovered were believed to be related to numerous robberies committed from October 22, 2010 to November 28, 2010. Subsequently, on January 27, 2011, Miller was indicted in a 24-count federal indictment, which includes 13 counts of 18 U.S.C. §1951, Hobbs Act violations, and 11 counts of 18 U.S.C. §924(c), brandishing a firearm in a crime of violence violations.

On November 4, 2010, Miller informed U.S. Probation Officer Beverly Matt that she was terminated from her employment at Subway on November 4, 2010, for requesting to work a day shift versus a night shift after they had been robbed, and that her conduct put the employees at risk. Contact with her employer indicated that she was terminated on November 4, 2010 for stealing, which Miller did not disclose to the Probation Officer. As of November 4, 2010, Miller had not secured other employment.

In addition, the Petition alleges that Miller socialized with individuals with criminal records or criminal involvement, namely her boyfriend, John Wesley Batiste, DOB 1/6/88, and Robert

White, DOB 6/27/86. Mr. White is currently detained after admitting his involvement in numerous robberies.

Also, after numerous attempts and instructions from the Probation Officer, Miller failed to secure or test for her GED.

### IV.  Proceedings

On January 11, 2012, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the Defendant announced an agreement as to a recommended disposition. The Defendant pled "true" to allegation number four (4) that she violated a standard condition of supervised release, to wit: "The Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer." Further, the parties agreed the court should revoke the Defendant's supervised release and impose a sentence of four (4) months' imprisonment, with no term of supervised release thereafter. This four (4) month sentence shall run consecutive to the sentence imposed under cause number 1:11CR11(3) by Judge Ron Clark in the Eastern District of Texas on January 6, 2012.

### V.  Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the

Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3).

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by associating with persons engaged in criminal activity or persons convicted of a felony without permission to do so by the probation officer, Miller will be guilty of committing a Grade C violation and the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. According to U.S.S.G. § 7B1.3(f), any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

In the case of revocation of supervised release based on a Grade C violation and a criminal history category of II, the guideline imprisonment range is 4 to 10 months.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking

supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that she violated a court-ordered condition of supervised release by associating with persons engaged in criminal activity or persons convicted of a felony without permission to do so by the probation officer. Based upon the Defendant's plea of "true" to this allegation of the First Amended Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated conditions of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and her criminal history category is II. Policy guidelines suggest 4-10 months' imprisonment. The Defendant did not comply with the conditions of her supervision, and she has demonstrated an unwillingness to adhere to conditions of supervision. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

## VII. Recommendations

1. The court should find that the Defendant violated a condition of supervised release by associating with persons engaged in criminal activity or persons convicted of a felony without permission to do so by the probation officer;

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583;

3. The Defendant should be sentenced to a term of imprisonment of four (4) months, with no term of supervised release thereafter; and

4. The Defendant's sentence shall run consecutive to her sentence of imprisonment imposed in cause no 1:11CR11(3) by Judge Ron Clark on January 6, 2012.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived her right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 13th day of January, 2012.

_____
Zack Hawthorn
United States Magistrate Judge